IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HOLLY LYONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 15-0170-CG-N |
| | ) |
| BEEF 'O' BRADY'S, FSC FRANCHISE CO. LLC., ROBERT THUNELIUS, TODD WYSONG, THUNELIUS, INC., and G.T.S.C.C., INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the court on the joint motion to approve settlement agreement (Doc. 26) filed on September, 16, 2015. The parties jointly agree and assert that the proposed settlement "was reached over extensive negotiations … and represents a reasonable compromise of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq." Id. at 1-2. For the reasons stated below, the Court finds that the agreed settlement payment to Plaintiff appears to be reasonable; however, the parties have not provided enough information regarding the attorney's fee agreement for the Court to determine its reasonableness. Accordingly, the parties will be ordered to provide additional information.

**I. FACTUAL BACKGROUND**

The Plaintiff, Holly Lyons ("Lyons"), initiated this action on March 31, 2015, alleging that Defendants operated as a joint enterprise and committed violations of

the wage provisions of the FLSA, which deprived her lawful wages. Lyons' complaint seeks to recover unpaid wages and overtime. She alleges that Defendants failed to comply with their minimum wage obligations by ensuring that the amount of tips retained by "tipped employees" satisfied their obligation under the FLSA to pay its "tipped employees" at least federal minimum wage for every hour worked. (Doc. 1, ¶¶ 36, 37). According to Lyons, at least twice a week throughout her employment with Defendants the amount of tips she received plus her hourly cash wage of $2.13 did not come to a total sufficient to ensure that she earned at least the federal minimum wage for every hour worked. (Doc. 1, ¶ 38). Lyons also alleges that approximately once a month, she worked more than forty hours a week for Defendants, but Defendants still paid her the rate of $2.13 per hour. (Doc. 1, ¶ 45). Defendants deny Plaintiff's allegations. The parties have agreed that the terms reflected in the settlement agreement are mutually satisfactory, and that they represent a fair and reasonable resolution of a bona fide dispute. (Doc. 26, ¶ 3). Plaintiff is represented by counsel and her counsel represents that Plaintiff fully understands the agreement, she has consulted with counsel before agreeing to the settlement and has entered into it knowingly and voluntarily with knowledge of the risks of the releases contained in the agreement. (Doc. 26, ¶ 4).

## II. STATEMENT OF THE LAW

The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining

between employers and employees.  Lynn's Food Stores v. United States Dept. of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982).  An employee's claim for back wages under the FLSA may be compromised in only two ways: (1) with payment in full of back wages, supervised by the Secretary of Labor, with the employee giving up a right to sue for unpaid wages and liquidated damages; or (2) by stipulated judgment entered by a court in an FLSA action brought against the employer, entered after the court has "scrutiniz[ed] the settlement for fairness." Id. at 1352–53.

The Court may approve a settlement which presents a reasonable compromise over issues that are actually in dispute with regard to pending FLSA claims.  Id.  Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (unpublished opinion) (citing Lynn's Food Stores, 679 F.2d at 1352).  Counsel for Plaintiff must disclose the extent to which Plaintiff's FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between a plaintiff and his counsel, or otherwise.  See id.  Furthermore, the Court should be mindful of the strong presumption in favor of finding a settlement fair.  Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977).

### III.  REVIEW OF THE PROPOSED SETTLEMENT

Lyons contends that the 96 shifts for which she claims her wages plus tips failed to satisfy the minimum wage obligations result in approximately 533 hours

3

for which she was underpaid. Lyons calculates that the back pay she claims for those hours plus liquidated damages amount to $5,640.07. Lyons also claims she was not sufficiently paid for 15.77 hours of overtime. Her calculation of lost overtime plus an equal amount in liquidated damages totals $242.23.

The parties have agreed that the Defendants shall pay Lyons a total sum of $3,000.00 in back pay and liquidated damages. (Doc. 26-1, p. 2). The parties have further agreed that the defendants shall pay $1,000.00 in attorney's fees. (Doc. 26-1, p. 2). Additionally, the Defendants have agreed to pay Lyons $1,000.00 in consideration for the Settlement and Release Agreement. (Doc. 26-1, p. 2). The parties state that because of the risks, the Settlement Agreement, which was reached after a lengthy arms length negotiation, provides for complete recovery of unpaid back wages and represents a fair and reasonable compromise of Plaintiffs' FLSA claims.

After review of the claims and the representations of the parties, the Court finds that the proposed payment to Lyons appears to be a fair and reasonable settlement of a bona fide dispute under the FLSA. However, the parties have not provided any detail as to how the amount to be paid in attorney's fees to counsel was calculated or agreed upon.

Normally, the starting point in setting any attorney's fee is determining the "lodestar" figure — that is, the product of the number of hours reasonably expended to prosecute the lawsuit multiplied by a reasonable hourly rate for work performed by similarly-situated attorneys in the community. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also, Norman v. Housing Authority of the City of Montgomery,

4

836 F.2d 1292, 1299 (11th Cir. 1988).  However, a lodestar analysis is not always required.  "[P]ersuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where 'the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff,' except in circumstances where 'the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney.' " Crabtree v. Volkert, Inc., 2013 WL 593500, at *7 n. 4 (S.D. Ala. Feb. 14, 2013) (quoting Bonetti v. Embarq Management Co., 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009); and citing also Wing v. Plann B Corp., 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel")).

      In this case, the settlement appears reasonable on its face, but there has been no representation by the parties that the fee was negotiated separately and without regard to the amount paid to the Plaintiff.  Because the parties' joint motion neither provides lodestar information, nor addresses whether Plaintiff's attorney's fee was agreed upon separately and without regard to the amount paid to Plaintiff, the Court will require the parties to file an amended motion or affidavit addressing attorney's fees.

## V. CONCLUSION

For the reasons explained above, the parties are ordered to file **on or before September 30, 2015,** an amended motion or affidavit addressing how the attorney's fee amount was calculated or agreed upon.

**DONE** and **ORDERED** this 23rd day of September, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE